IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MARCHETTI, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| PAROLE AGENT DIRENZIO, et al., | : | |
| | : | |
| Defendants | : | No. 15-4676 |

**COMMONWEALTH DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed.R.Civ.P. 56, Defendants Tim Pleacher and Ralph DiBridge (together, the "Commonwealth Defendants") move the Court to enter judgment in their favor, and aver as follows:

1. Based upon the facts as set forth in the pleadings, depositions, and declarations, there is no genuine issue as to any material fact and the Commonwealth Defendants are entitled to judgment as a matter of law.

2. The Commonwealth Defendants are entitled to judgment in their favor on Plaintiff's Eighth Amendment medical care-based claims because the facts of record establish that Plaintiff received medical care at all times.

3. The Commonwealth Defendants are entitled to judgment in their favor on Plaintiff's Eighth Amendment condition of confinement-based claims because Plaintiff cannot establish that he was housed in conditions that violate constitutional standards.

4.      The Commonwealth Defendants are protected by qualified immunity from Plaintiff's claims because it cannot be said they knowingly violated Plaintiff's Eighth Amendment rights, given the state of the law and the circumstances known to them.

This motion is supported by the attached memorandum of law and statement of facts, and the exhibits included in the separately filed Appendix of Exhibits.

WHEREFORE, the Commonwealth Defendants pray for an order granting judgment in their favor and affording such further relief as is just and proper.

Respectfully submitted,

BRUCE R. BEEMER, JR.
Attorney General

By:    s/ Kevin Bradford

Kevin R. Bradford
Senior Deputy Attorney General
Attorney I.D. No. 88576

Kenneth L. Joel
Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone: (215) 560-2262
Fax:    (717) 772-4526

Date:  January 12, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MARCHETTI, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| PAROLE AGENT DIRENZIO, et al., | : | |
| Defendants | : | No. 15-4676 |

**MEMORANDUM OF LAW IN SUPPORT OF
COMMONWEALTH DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

This § 1983 lawsuit relates to Plaintiff John Marchetti's incarceration between 2011 and 2014 for violations of probation. This period of incarceration was served in two different prison systems – the Pennsylvania Department of Corrections ("DOC") and Delaware County. The remaining DOC defendants are Unit Manager Ralph DiBridge and then-Deputy Superintendent Timothy Pleacher[1] (together, "Commonwealth Defendants"). Plaintiff brings two counts of Eighth Amendment claims against each defendant, based upon a single meeting with them during his final week in DOC custody. (2d Am. Compl., Counts I, II)[2]

---

[1] Pleacher retired in July 2014.  Pleacher Dep. at 7:1.

[2] As a result of threshold motions, and oral argument on January 28, 2016, Plaintiff twice amended his original complaint. The operative complaint is the Second Amended Complaint. Doc. No. 42.

Discovery has been completed and confirms that there is no factual support for these claims. The Commonwealth Defendants therefore move for summary judgment, pursuant to Rule 56.

## II.     STATEMENT OF UNDISPUTED FACTS

In accordance with this Court's procedures, the Statement of Undisputed Facts is contained in a separate document attached to this filing.

## III.    ARGUMENT

### A. Standard applicable to motion for summary judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a)(setting forth the legal standard formerly found in Fed.R.Civ.P. 56(c)). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The motion must be granted unless the nonmoving party designates specific facts in discovery materials or affidavits showing a genuine material factual issue that can only be resolved by a trial or unless the law does not support the motion. Id. at 324; Fed.R.Civ.P. 56(e). The court must view the evidence in favor of the non-

moving party by extending any reasonable favorable inference to that party. Scott v. Harris, 550 U.S. 372, 378 (2007).³

However, a non-moving party may not "rest upon mere allegations, general denials or ... vague statements...." Trap Rock Industries, Inc. v. Local 825, Intern. Union of Operating Engineers, AFL-CIO, 982 F.2d 884, 890 (3d Cir. 1992) (*quoting* Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3rd Cir.), *cert. denied*, 502 U.S. 940 (1991)).  Conclusory statements are not facts and cannot create issues of fact.  Lujan v. National Wildlife Federation, 497 U.S. 871, 888, 889 (1990).  Furthermore, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt to the material facts." Matsushita Indus. Elec. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If the non-moving party's evidence "is merely colorable, ...or is not significantly probative, ... summary judgment may be granted." Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992) (*quoting* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

**B. The Commonwealth Defendants are entitled to judgment on Plaintiff's Eighth Amendment medical care-based claims (Count I) because the facts of record establish that Plaintiff received medical care at all times.**

Plaintiff's claims against the Commonwealth Defendants are based upon the Eighth Amendment, which protects inmates from cruel and unusual

---

³ The mere existence of an alternate version is not grounds for denial of summary judgment.  Saucier v. Katz, 533 U.S. 194, 212 n. 3 (2001), *overruled on other grounds by* Pearson v. Callahan, 129 S.Ct. 808 (2009) ("[d]isputed versions of the facts alone are not enough to warrant denial of summary judgment") (*quoting* Rowland v. Perry, 41 F.3d 167, 174 (4th Cir. 1994)).

- 3 -

punishment. Whitley v. Albers, 475 U.S. 312, 319 (1986). While the Eighth Amendment requires humane conditions of confinement, Farmer v. Brennan, 511 U.S. 825, 833 (1994), a constitutional violation requires "more than ordinary lack of due care for the prisoner's interests or safety." Whitley, 475 U.S. at 319. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim ... [b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.' " Hudson v. McMillian, 503 U.S. 1, 9 (1992) (*quoting* Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

In Count I, Plaintiff asserts that Defendants DiBridge and Pleacher failed to provide Plaintiff with medical care during his week-long stay in the RHU. 2d Am. Compl., Count I. To establish such a claim, the plaintiff must demonstrate that the defendants were deliberately indifferent to an objectively serious medical need. Jones v. County Jail C.F.C.F., 610 F. App'x 167, 168 (3d Cir. 2015) (*citing* Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Deliberate indifference requires a showing that the defendant (1) knew of and disregarded an excessive risk to inmate health or safety or (2) was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that Defendants "drew that inference." Devine v. Primecare Med., Inc., No. CIV. 09-6023, 2010 WL 2853715, at *3 (E.D. Pa. July 19, 2010) (*quoting* Farmer v. Brennan, 511 U.S. 825, 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Thus, "deliberate indifference describes a state of mind more blameworthy than negligence," and requires "more than ordinary lack of due care for prisoner's interests or safety." Farmer, at 835. "'[D]efendant[s] in a

civil rights action must have personal involvement' to be liable" under § 1983. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (*quoting* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

The evidence of record here shows there is no factual basis for Plaintiff's denial of medical care claims.  Defendants DiBridge and Pleacher are prison administrators who encountered Plaintiff in their role as PRC members.  They did not directly provide mental health care for Plaintiff.  That was provided by Plaintiff's psychologist and psychiatrist, both of whom undisputedly met with Plaintiff, or attempted to meet with him throughout his time at SCI-LH, including his RHU assignment.  The fact that Plaintiff was dissatisfied that these mental health professionals did not determine that he needed to be removed from the RHU or to have his medication increased does not establish a denial of medical care claim against Defendants DiBridge or Pleacher.

Indeed, it is well established that prison administrators will generally be justified in believing that a prisoner under the care of medical experts is in capable hands.  Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).[4]  Plaintiff was unquestionably receiving attention for his mental health from mental health professionals at all times.  He met with a psychologist immediately before the meeting with the Pleacher and DiBridge.  They do not become liable for a constitutional violation simply because his treating mental health professionals did not pursue the particular action that Plaintiff believed his

---

[4] While a non-medical professional can be liable where he knowingly interfered with Plaintiff reasonable access to medical care, there is no such allegation here.  Durmer v. O'Carroll, 991 F.2d 64, 68 (3d. Cir.1993).

- 5 -

mental state required.  Hagan v. Southers, No. 1:13-CV-2731, 2016 WL 4264380, at *7 (M.D. Pa. Aug. 12, 2016) ("Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim.") (internal citations omitted).  *See also* Spruill, at 235 ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation.")

Judgement should therefore be entered in favor of the Commonwealth Defendants on Count I.

### C. The Commonwealth Defendants are entitled to judgment on Plaintiff's Eighth Amendment conditions of confinement-based claims (Count II) because the facts of record provide no basis for such a claim.

Count II is generically titled "Cruel and Unusual Punishment."  It appears to be little more than regurgitation of Count I, at least to the extent it is brought against Defendants DiBridge and Pleacher.  To the extent that Plaintiff is asserting a separate conditions-of-confinement claim based upon conditions in his RHU cell, that claim is also devoid of factual support.

A conditions-of-confinement claim requires the plaintiff to show that (1) he was subjected to a sufficiently serious deprivation that resulted in the denial of "the minimal civilized measure of life's necessities," and (2) that the defendants were "deliberately indifferent" to the inmate's health or safety.  Jones v. Cnty. Jail C.F.C.F., 610 F. App'x 167, 168 (3d Cir. 2015) (*quoting* Farmer, 511 U.S. at 834).  The same deliberate indifference standard described above applies.

Conditions in DOC RHUs have been considered by a number of courts of this Circuit.  Plaintiff describes conditions typical of a RHU housing – 23 hours per day in cell, meals served in his cell, strip searches and escorts for any movement, and access to medical and mental health care.  There is no evidence that Plaintiff was deprived of any of life's necessities.  His week-long assignment to the RHU therefore falls far short of establishing an Eighth Amendment violation.  See Cook v. Corbett, No. 14-5895, 2015 WL 4111692, at *8 (E.D. Pa. July 8, 2015) ("the reduced privacy in the RHU, the limited access to showers, and the limited access to recreational opportunities and lack of contact visits described by Cook do not give rise to Eighth Amendment violations."); Williams v. Armstrong, 566 F. App'x 106, 109 (3d Cir. 2014) (affirming district court ruling on a motion to dismiss that 112 days in RHU not an Eighth Amendment violation); Brooks v. DiGuglielmo, No. 05-4588, 2008 WL 5187529, at *11 (E.D. Pa. Dec. 9, 2008) (409 days in RHU does not establish an Eighth Amendment violation).

Moreover, Defendants Pleacher and DiBridge cannot be considered deliberately indifferent based upon Plaintiff's RHU assignment, given the information they had.  As an initial matter, the evidence shows that, contrary to the allegations in the Second Amended Complaint, neither actually assigned Plaintiff to the RHU.  They held a single meeting with Plaintiff after his assignment there, as members of the PRC.  During that meeting Plaintiff did not suggest he was housed in conditions that were atypical for the RHU.  They

also knew Plaintiff's stay was brief. He was due to leave the RHU in six days, which is what happened.

The fact that Plaintiff considered his RHU assignment inappropriate due to a mental health condition, and (according to Plaintiff) shared this belief with the PRC, does not make his conditions of confinement unconstitutional. This argument, if Plaintiff is making it, wholly overlaps with the futile theory of liability he pursues in Count I. Plaintiff was receiving care for his mental health. He certainly he did not tell Defendants Pleacher and DiBridge that he was not. As explained above, the fact that Plaintiff personally disagreed with the medical professionals' assessment of his mental health needs, does not provide a factual basis for a constitutional violation against Defendants Pleacher or DiBridge.

Judgement should therefore be entered in favor of the Commonwealth Defendants on Count II.

### D. Qualified immunity bars Plaintiff's claims against the Commonwealth Defendants

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, (2009) (*quoting* Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "Because qualified immunity is 'an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial.'" Pearson, at 815 (*quoting* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "[The Supreme Court]

ha[s] repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Scott v. Harris, 550 U.S. 372, 376 n.2 (2007) (*quoting* Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

Qualified immunity applies unless both of the following are answered in the affirmative: (1) whether the facts alleged by the plaintiff establish a violation of a constitutional right, and (2) whether the constitutional right at issue was clearly established at the time of the alleged violation. Pearson, at 815–16 (*citing* Saucier v. Katz, 533 U.S. 194, 201 (2001) (holding that courts may address either prong first)).

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (*quoting* Anderson v. Creighton, 483 U.S. 635, 640 (1987)). "[T]he right allegedly violated must be established, 'not as a broad general proposition,' but in a 'particularized' sense so that the 'contours' of the right are clear to a reasonable official." Reichle v. Howards, -- U.S. --, 132 S.Ct. 2088, 2094 (2012) (*quoting* Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (per curiam); Anderson v. Creighton, 483 U.S. 635, 640 (1987)). As the Third Circuit recently explained, "[i]n determining whether a properly tailored definition of the right at issue is clearly established, the Court must consider whether 'existing precedent [has] placed the statutory or constitutional question beyond debate.'" Michtavi v. Scism, 808 F.3d 203, 207 (3d Cir. 2015) (*quoting* Mullenix v. Luna, ––– U.S. –––, 136 S.Ct. 305, 308 (2015) (per curiam) (reversing district court's denial of

qualified immunity because it did not use appropriate level of specificity). "'Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" Stanton v. Sims, -- U.S. --, 134 S.Ct. 3, 5 (2013) (*quoting* Ashcroft v. al–Kidd, 563 U.S. 731, 743 (2011)). "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Pearson, 129 S.Ct. at 815 (internal quotation marks omitted).

As argued above, Plaintiff cannot establish that the Commonwealth Defendants violated his constitutional rights given the facts of record. Even if there was a violation of Plaintiff's rights, or a violation cannot be determined, it cannot be said that a reasonable official in the Commonwealth Defendants' position should have known they were violating those rights.[5]

---

[5] In accordance with the Third Circuit's supervisory rule announced in Forbes v. Township of Lower Merion, 313 F.3d 144 (3d Cir.2002), in cases where a summary judgment motion based on qualified immunity is denied on the ground that material facts are subject to genuine dispute, the trial court must specify those material facts that are and are not subject to genuine dispute and explain their materiality. Griffin-El v. Beard, 411 F. App'x 517, 520 (3d Cir. 2011).

**IV.   CONCLUSION**

For the foregoing reasons, judgment in this matter should be entered in favor of the Commonwealth Defendants as a matter of law, pursuant to Fed.R.Civ.P. 56.

 

Respectfully submitted,

BRUCE R. BEEMER
Attorney General

By:   s/ Kevin Bradford

Kevin R. Bradford
Senior Deputy Attorney General
Attorney I.D. No. 88576

Kenneth L. Joel
Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone: (215) 560-2262
Fax:    (717) 772-4526

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MARCHETTI, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| PAROLE AGENT DIRENZIO, et al., | : | |
| Defendants | : | No. 15-4676 |

## CERTIFICATE OF SERVICE

I, Kevin R. Bradford, hereby certify that the Motion for Summary Judgment has been filed electronically on January 12, 2017 and is available for viewing and downloading from the Court's Electronic Case Filing System ("ECF"). The following parties are listed as ECF Filing Users and are therefore automatically served by electronic means:

- **ROBERT M. DIORIO**
  rdiorio@dioriosereni.com

- **MATTHEW H. FRY**
  mfry@dioriosereni.com, rpenn@dioriosereni.com, tmichio@dioriosereni.com, mhfry@yahoo.com

- **MATTHEW B. WEISBERG**
  mweisberg@weisberglawoffices.com

By:     s/ Kevin Bradford

Kevin R. Bradford
Senior Deputy Attorney General
Attorney I.D. No. 88576

Kenneth L. Joel
Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone: (215) 560-2262
Fax:    (717) 772-4526